No. 17.—THOMAS M. NEWELL AND JOSEPH BRYAN, Adm'r, plaintiff in error, *vs.* WILLIAM H. STILES, Ex'or, defendant in error.

[1.] Equity will not reform a contract on the ground of mistake, unless the allegations in the bill are sufficient to show clearly, that it was really by mistake that the parties, one and *all*, entered into the contract.

In Equity, in Chatham Superior Court. Decision by Judge FLEMING. at chambers, 31st April, 1856.

This bill was filed by Thomas M. Newell and Joseph Bryan, administrator of Joseph Bancroft, deceased, against William H. Stiles, surviving executor. and trustee under the will of Joseph Stiles, deceased, to restrain defendant from foreclosing a mortgage, and for reforming the same.

The bill alleges that said Joseph Stiles, deceased, in and by his last will and testament, amongst other things, devised and bequeathed a certain house and lots *at Montgomery*, to his executors to be held and used and appropriated as a place of public worship.    That Benjamin E. Stiles, and defendant William H. Stiles, were appointed executors.

That "there being but one person residing at and in the vicinity of Montgomery, and no means or inducement to maintain and support a place of public worship, and the premises being in a dilapidated condition, and yielding no profit, in proceedings in equity instituted in Chatham Superior Court in 1853, a judgment and decree was made, authorizing said executors to sell the said premises, reserving a suitable lot for public worship, and to invest the proceeds in some productive stock, or in such manner as they may deem most advantageous to enable them to carry out the objects of the testator."

That complainants, Newell, and Joseph Bancroft, became the purchasers of the property at private sale, from the executors, for the sum of two thousand dollars.

Newell and Bryan vs. Stiles.

That during the negotiations for said property, which were had with Benjamin E. Stiles one of the executors, who has since died, it was the agreement and understanding of the parties that upon the payment of $500 in cash, the balance, if secured by mortgage and the interest paid annually, could stand over for years and be paid at convenience, as the proceeds of the sale was for the purpose of investment, in order to carry out at some future period the benevolent objects of the testator.

The bill further charges, that five hundred dollars being paid in cash, the parties went before the defendant, who was an attorney at law, to prepare and execute the notes and mortgage for the balance. That the notes were, by accident, mistake, or misconception of the agreement of the parties, drawn payable one day after date, and the mortgage to secure the same executed accordingly. That defendant is now proceeding to foreclose said mortgages, notwithstanding the interest has been paid punctually, and the funds are not wanted to accomplish the wishes of the testator. The bill prays for an injunction and a reform of the instrument.

The answer admits the charges of the bill as to the will of Joseph Stiles; the decree of chancery authorizing the sale and the purchase as therein stated; but denies that there was any accident, mistake or misconception in executing the notes and mortgage. That there was no specific agreement or understanding, as to any definite period of indulgence; that if the interest was paid up annually and promptly, the collection was not likely to be pressed for some time. The answer further states, that complainants have failed to pay said interest for two years, although it has been demanded. That one of the purchasers and mortgagors is dead, and the property has been sold and is now in the possession of third persons. The defendant insists upon his right to foreclose, and collect the notes, and that plaintiff's bill should be dismissed.

Upon the bill and answer and after argument had, Judge FLEMING refused the injunction and dismissed the bill.

Whereupon counsel for complainants excepted and assigns error.

HENRY WILLIAMS, for plaintiff in error.

L. S. DeLYON, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

Was there any equity in the bill? If there was, the decision of the Court below was wrong, for that decision amounts to saying that there was none.

The bill states in substance, that it was agreed by and between Thomas M. Newell and Joseph Bancroft as parties on the one side, and Benjamin E. Stiles and William H. Stiles, as parties on the other, that the parties on the respective sides should enter into a contract with each other, to consist of the following terms, viz: That the former two parties should buy of the latter two, a lot of land situated at Montgomery, for the price of $2,000, of which $500 was to be paid in cash, and the interest of the remainder annually, and the principal at the time " when the increased population and extended settlement at Montgomery, should warrant and render necessary the erection" there " of a house of public worship."

The contract then, into which the parties *agreed* to enter, was according to the bill to consist of these terms.

It is true that the bill also states, that the parties "calculated," that the point of time aforesaid when the principal was to become due, would not arrive until " at least" ten years after the date of the contract. But the bill does not say, that this calculation was to make any part of the terms of the contract.

The bill then states in substance, that the said parties in-

stead of entering into a contract to consist of these terms, entered into a contract consisting of the following terms, viz: A purchase of the lot by the former two parties from the latter two, in consideration of $2,000, $500 paid in cash, and the balance secured by two notes and a mortgage payable one day after date.

This, then, was the contract into which the parties *did* enter.

The bill then says, that it was by *mistake* that this contract was entered into instead of the former one.

And relying on this allegation of mistake, the bill prays, in effect, that this contract may be changed into the former one.

In determining whether the ground of mistake supplied any equity to the bill, the first enquiry must be one of fact; whether it was really by mistake, that the parties entered into the latter contract; whether the parties, one and all, really thought they were entering into the former contract at the time when they entered into the latter.

Now a mistake may be in a matter of fact, or in a matter of law. And if in this case, the mistake, if there was one, was a mistake in a matter of fact, it must have consisted in this, that in entering into the contract, the parties supposed that the notes and the mortgage were *expressed* to be payable, not one day after date, but, as to the interest, annually, and as to the principal, at the time when "the increased population and extended settlement at Montgomery should warrant and render necessary the erection of a house of public worship."

And if the mistake was in a matter of law, it must have consisted in this, that the parties supposed that notes and a mortgage, payable one day after date, were of *the same legal effect* as they would have been, if they had been payable, as to the interest, annually, and as to the principal, not before the time, "when the increased population and extended set-

tlement at Montgomery should warrant and render necessary the erection of a house of public worship."

And whether the mistake, if there was one, was of the one sort or the other, it was necessary that it should be a mistake in which, *each and all* of the four persons who were parties to the contract participated. *Adams Eq.* 171.

Now, there is no allegation in the bill to the effect, that any one of the four parties to the contract, executed the contract by any mistake of fact; that is to say, there is no allegation in the bill to the effect, that when any one of the four parties to the contract executed the contract, he thought that the notes were payable, not one day after date, but as to the interest, annually, and as to the principal, at the time, should it ever arrive, "when the increased population and extended settlement at Montgomery, should warrant and render necessary the erection of a house of public worship."

The allegations of the bill are not sufficient then to show that there was really any mistake of *fact.*

Nor is there any allegation in the bill, that can be construed into a statement, that Benjamin E. Stiles, one of the four parties to the contract, entered into the contract under any mistake as to what would be its legal effect; entered into the contract, under the supposition, that the contract would have the same legal effect that it would have had, if the notes and mortgage had been made payable, not one day after date, but as to the interest, annually, and, as to the principal, at the time, should it ever arrive, "when the increased population and extended settlement at Montgomery, should warrant and render necessary, the erection of a house of public worship."

Nor is there, as to any one of the other of those parties to the contract, any precise and direct allegation, that he thought that the note and mortgage, although in *letter*, payable one day after date, were *in law* payable, as to the interest, annually, and as to the principal, when the increased population of such a place as Montgomery should warrant and render necessary a house of public worship at it. It seems, that

when the contract was entered into, Montgomery had but a single inhabitant, and that the parties themselves "calculated," that it would not acquire a sufficient number of other inhabitants to need a house of worship, under "at least" ten years.

And it is hard to believe, that such an allegation *could* be made of any four men of average sense, especially if one of them was a lawyer.

The allegations in the bill, on the subject of mistake, are extremely vague and weak.

Upon the whole, this Court is of opinion that the allegations of the bill do not state a case, either of mistake in matter of fact, or of mistake in matter of law. They come nearest to stating a case of mistake in matter of law; but even in the fullest stated cases of mistake in matter of law, relief in equity, is rather the exception than the rule. *Stor. Eq.* § 110 *et seq.*

And the present case, if technically complete, would present no very strong claims to be an exception to the general rule. It is a case in which, vendees ask to be relieved from having to pay three-fourths of the principal of the purchase money, until a time when the number of the inhabitants at a particular place shall have so increased as to require, for their use, a house of worship at that place. And for aught that appears, that time is ages off.

Judgment affirmed.