Fischer vs. Laack.

FISCHER, Respondent, vs. LAACK, imp., Appellant.

*May 3 — May 23, 1893.*

*Deeds: Reformation: Right of way.*

The owner of several adjoining lots facing M. street on the north, and one of them abutting S. street on the east, conveyed to plaintiff one of the inner lots " except the south twelve feet of said lot, to be

Fischer vs. Laack.

used as an alley to adjoining lots and leading east to S. street." Both parties to this deed intended that it should secure to plaintiff a perpetual right of way over the south twelve feet of all the lots as a private alley to S. street; and thereafter such strip of land was improved and used as an alley. Afterwards plaintiff's grantor conveyed to defendant L. the corner lot without any reservation. L. knew at the time of the existence of the alley and that plaintiff had purchased and claimed the right to its perpetual use. In an action against the grantor and L., it is *held* that plaintiff was entitled to a judgment reforming his deed so as to give him a right of way over the south twelve feet of the lots to S. street, and requiring L. to remove obstructions placed by him in such alley; and that S. would hold his title subject to plaintiff's deed as reformed. But plaintiff was not entitled to have the deed to L. reformed, that being a matter solely between L. and his grantor.

APPEAL from the Circuit Court for *Sheboygan* County. The facts are stated in the opinion. The defendant *Laack* appeals from a judgment in favor of the plaintiff.

For the appellant there was a brief by *M. C. Mead,* attorney, and *Seaman & Williams,* of counsel, and oral argument by *Mr. Mead* and *Francis Williams.*

For the respondent there was a brief by *Walker, Brown & Wahl,* and oral argument by *Geo. H. Wahl.* To the point that the power of the court was properly exercised in ordering a reformation of plaintiff's deed, they cited, besides cases cited in the opinion, *Bates v. Bates,* 56 Mich. 405; *Gregg v. Hamilton,* 12 Kan. 333; *Dane v. Derber,* 28 Wis. 216; *Lundgreen v. Stratton,* 73 id. 659; *Green Bay & M. C. Co. v. Hewitt,* 62 id. 316; *Brinkman v. Jones,* 44 id. 498.

ORTON, J.   Lots 6, 7, and 8, in block 19, in the village (now city) of Plymouth, in Sheboygan county, are bounded on the north by Mill street, and on the east by Stafford street, and run lengthwise north and south, and lie side by side, with lot 6 on Stafford street. Before June, 1883, all these lots belonged to William Schwartz, one of the defend-

ants in this action, and he evidently intended, if he sold them or parts of them to different persons, to reserve and establish the south twelve feet of them as an alley for the joint use of the owners forever, from lot 9 to Stafford street. In June, 1883, the plaintiff purchased from Schwartz lot 8, and, as both of them evidently intended and supposed, also a perpetual right of way over said south twelve feet to Stafford street as an alley; but in the deed of lot 8 the following language is used to give the plaintiff this right of way: "Except the south twelve feet of said lot, to be used as an alley to adjoining lots and leading east to Stafford street." In April, 1884, Schwartz sold to one Frederick Behnke the west half of lot 7, and in the deed the following language is used to give Behnke the right of way over the same south twelve feet of the lots to Stafford street: "With the exception of the south twelve feet, to be re- served for a private alley." In December, 1887, Schwartz sold and conveyed to the defendant *Laack* the east half of lot 7, and the whole of lot 6, without any reservation or exception, and soon thereafter the defendant *Laack* closed up said alley by placing a building across the same.

Thereupon the plaintiff brought suit against the defend- ant *Laack*, under sec. 3180, R. S., as amended, to require him to open the alley and remove the said obstruction as an abatement of the private nuisance, and for damages, and recovered in the action. On an appeal from said judgment this court reversed it, on the ground that the plaintiff's said deed gave him no right to the alley, and that the exception in said deed is, in effect, a reservation of the alley to the grantor, Schwartz, and that in an action at law the plaint- iff had no remedy; but this court reversed the judgment without prejudice to the right of the plaintiff to bring an action in equity to reform said deed so as to convey to the plaintiff such right of way over said south twelve feet of the lots to Stafford street. *Fischer v. Laack*, 76 Wis. 313.

In accordance with such intimation the plaintiff has brought this action in equity against the defendants Schwartz and *Laack*, and asked that his said deed be reformed so as to give him a perpetual right of way over the south twelve feet of said lots to Stafford street, to be used as an alley. The plaintiff asked, also, that the said deed from Schwartz to *Laack* be modified and reformed, so that the plaintiff's perpetual right of way over the south twelve feet of lots 6 and 7 be secured to him, and that the defendant *Laack* be required to remove said building and obstruction from said alley, and pay the plaintiff damages.

The circuit court found that it was the intention of the parties to the deed of lot 8 that said deed should convey to the plaintiff a perpetual right of way over the south twelve feet of all of said lots to Stafford street, and that, prior to the purchase of the east half of lot 7 and of lot 6 by the defendant *Laack*, both the plaintiff and said Behnke were in constant use of said alley, and frequently worked and improved it, and at all times claimed a right of way over it. The court further found that, when the defendant *Laack* purchased lot 6 and the east half of lot 7, he knew that the plaintiff and Behnke had purchased from Schwartz the right to the perpetual use of said alley, and well knew the existence of said alley, and the improvements thereof by the plaintiff and Behnke, and that the plaintiff claimed the right to the perpetual use of said alley. The court rendered judgment according to the demand of the complaint, except as to damages, and requiring the defendant *Laack* to remove said building and obstruction off and away from said alley within sixty days after service of a copy of the judgment.

The evidence shows that the ground on the south ends of the lots is low and swampy, and that the plaintiff, Schwartz, and Behnke filled this twelve feet for an alley, and graded it about two feet above the ground adjoining,

Fischer vs. Laack.

and covered it with gravel so as to make a good roadway for wagons and for other uses, and that it was plainly marked and well defined as an alley, besides its constant use as such. From the testimony, as well as the peculiar form of the reservation in the deed and the improvement and use of the alley, it seems very clear that it was the intention of both Schwartz and the plaintiff that the deed should secure to the plaintiff a perpetual right of way over the south twelve feet of all of the lots as a private alley to Stafford street and there was the same intention in respect to the deed to Behnke. The evidence tends strongly to prove that the defendant *Laack*, before he purchased, knew all about the rights of the plaintiff in respect to the alley. He knew that the plaintiff had improved and used it, and that it was indispensable to his use of the lot. He must have known that, if there was an alley on the south end of lot 8, to be of any use it must run through to Stafford street. His knowledge of the facts was sufficient to bind him by such a reformation of the plaintiff's deed as to give him a right of way over the south twelve feet of his lots as an alley, and cause him to hold his title subject to the deed of the plaintiff so reformed. The judgment based on such knowledge may properly require him to remove all obstructions from the alley at the south ends of his lots which he has placed there. *Honzik v. Delaglise*, 65 Wis. 494; *Cable v. Ellis*, 120 Ill. 136; *Lundgreen v. Stratton*, 73 Wis. 659.

The plaintiff seems to have made a very clear case for the reformation of his deed from Schwartz, as found and adjudged by the circuit court. *Sawyer v. Hanson*, 48 Wis. 611; *Grossbach v. Brown*, 72 Wis. 458; *Kyle v. Fehley*, 81 Wis. 67, and other cases cited in respondent's brief. The defendant *Laack* took his deed from Schwartz with notice that his grantor had already sold and parted with the south twelve feet of the lots conveyed to him to be perpetually

Fischer vs. Laack.

used as an alley to the plaintiff, and he obstructed the alley with knowledge of the plaintiff's right to it. He may therefore be required to remove said obstruction, and he must not hereafter interfere with the plaintiff's use of the alley. He will hereafter hold his deed and title subject to the prior deed of the plaintiff, reformed according to his contract of purchase. But this is as far as the court could properly go, and as far as necessary in giving the plaintiff a remedy in this case. The plaintiff is neither a party nor privy to the contract of purchase or to the deed from Schwartz to the defendant *Laack*. He cannot, therefore, bring an action to reform that deed in any respect whatever. The deed of Schwartz to *Laack* is an absolute deed of the whole of lot 6 and the east half of lot 7, with full covenants. The liability of Schwartz on the covenants is a matter solely between him and *Laack*, and it is the sole right of Schwartz to have that deed reformed, and he has not asked for such a reformation of said deed, but stands here with the defendant *Laack*, denying and contesting the plaintiff's rights in this case. That part of the judgment must therefore be reversed, but without costs, and the judgment with this exception will be affirmed.

*By the Court.*— That part of the judgment of the circuit court that reforms the deed of Schwartz and wife to the defendant *Laack* of lot 6 and the east half of lot 7, in block 19, as aforesaid, is reversed, without costs, and the judgment of the circuit court with this exception is affirmed, with costs.