## QUIGGLE *v.* VINING, and *vice versa.*

1. Equity will not reform a written contract unless the mistake is alleged and proved to be the mistake of both parties. Where the instrument does not really represent the truth of the agreement as understood by one of the parties, it will not be reformed on the ground of the misapprehension of one of the parties, though it may be rescinded.
2. Where the leased premises are described in the contract as "the lands near Marshallville, Georgia, known as the C. S. Johnson place," the lessee is entitled not only to the use of the cultivatable land for the purposes of cultivation, but he is also entitled to the fruit of the trees on the rented premises, maturing during the existence of the lease. And it was not error to instruct the jury that the contract should receive this interpretation unless the contract should be reformed because, by mutual mistake, an exception of the fruit was omitted from the contract.
3. The charge on the subject of preponderance of evidence was without substantial error.

Argued March 2,—Decided March 26, 1906.

Equitable petition. Before Judge Littlejohn. Macon superior court. May 20, 1905.

This was an equitable proceeding, one of the purposes of which was to reform a written contract in the form of a rent note given by the defendant to the plaintiff. The contention of the plaintiff was, that, under the agreement of rental, the defendant was to have the privilege of cultivating such lands on what was known as the C. S. Johnson place as were suitable for the planting of crops, upon the same terms of rental as had been agreed on between them for several years prior to 1900, viz., the payment of $50 by the defendant, who obligated himself to tend a valuable peach orchard on the place, the fruit of which was reserved by the plaintiff and was to be marketed for her exclusive benefit. The plaintiff charged the defendant with having practiced a fraud upon her in claiming the fruit crop for the year 1900, inasmuch as he so understood the agreement when he signed the rent note for that year, which contained no reservation of the fruit, but was similar to the rent notes given in past years by him upon this distinct understanding. He admitted that he had for a number of years rented the place on these terms, but he contended that he had explicitly given notice to the plaintiff's agents, in the fall of 1889, that he would not rent the place for 1900 unless he got the fruit from the orchard; and when the rent note for that year was sent to him by them for his signature and return, he understood the contract to be as therein ex-

pressed, accordingly claimed the fruit when it matured, and refused to allow the agents of the plaintiff to gather it for her benefit. The evidence bearing upon the contested issue in the case was conflicting, and the jury returned a verdict in favor of the defendant. The plaintiff's motion for a new trial was overruled, and she excepted. By cross-bill of exceptions, the defendant complains of the overruling of his demurrer to the plaintiff's petition as finally amended.

*Hall & Wimberly, Greer & Felton,* and *J. E. Hall,* for plaintiff.
*M. Felton Hatcher,* for defendant.

EVANS, J. (After stating the facts.) 1. The original petition was open to the criticism that the plaintiff sought to modify by parol an apparently complete and valid written contract. Appreciating this infirmity, the plaintiff voluntarily amended the petition by alleging that both parties understood that the rent contract did not speak the true intention of the parties, and by praying that the writing be reformed so as to exclude the fruit from the operation of the contract of rent, and thus make the writing represent the contract as actually agreed upon by both parties. The plaintiff is not seeking to rescind, but to reform a contract. Equity will not reform a written contract unless the mistake is alleged and proved to be the mistake of both parties. Where the instrument does not really represent the truth of the agreement as understood by one of the parties, it will not be reformed on the ground of the misapprehension of one of the parties, though it may be rescinded. Civil Code, § 3982; *Werner* v. *Rawson,* 89 *Ga.* 619. The defendant was entitled to all the benefits afforded by the instrument as signed, unless his agreement was to rent the place exclusive of the fruit, and by mistake of both parties the exclusion of the fruit from the operation of the rent contract was omitted. If the writing represented the contract as the defendant understood it, of course it could not be reformed in accordance with the plaintiff's conception of it. This view of the law was submitted to the jury, and the exceptions to the various excerpts of the charge on this subject are without merit.

2. A plain and unambiguous contract is always to be construed by the court, and no portion of such a contract should be left for construction by the jury. *Kehoe* v. *Hanley,* 95 *Ga.* 322. It was never contended by the plaintiff that the rent note was ambiguous

or uncertain as to its meaning. Her contention ·as expressed in the pleading was that the writing did not contain the actual agreement between herself and the defendant; that the fruit was reserved to her, but by mistake this reservation was omitted from the written contract. The court charged: "Now it is a question for you to determine in this case, and an issue that is made, or one of them, as to the meaning, or what the parties intended was the meaning, of this description in this contract of the property, 'the lands near Marshallville, Georgia, known as the C. S. Johnson place.' Under the terms of the contract, gentlemen, with that expression, nothing else appearing, the defendant in this case, by that rent contract, would secure the use of those lands, together with such crops as might be produced there by his efforts upon the cultivatable lands, and also the fruit that was upon the lands. By the terms of that contract, without more, it would cover and include the fruit." This charge is assailed as incorrectly interpreting the meaning of the written contract, and because the words descriptive of the rented premises, as construed by the court, amounted to an expression of opinion that such construction was to be preferred by the jury to the oral testimony as to what was the actual agreement. Nothing which the judge said in this extract from his charge can fairly be said to be an expression of opinion on the weight of evidence. The court construed, and properly so, the written contract as giving the lessee not only the right to use the cultivatable lands, but also the enjoyment of the fruit of the trees growing on the rented premises and maturing during the tenancy. The court also instructed the jury that if the fruit was excepted in the agreement to rent, but by mutual mistake the exception was left out of the written contract, the defendant would not be entitled to the fruit.

3. The court charged: "You may also take into consideration the greater number of witnesses that may testify upon one side or the other of the contested issue; however, the preponderance of evidence is not necessarily with the greater number of witnesses, but it is that superior weight of evidence that inclines the minds of honest, impartial jurors to accept and believe one side in preference to the other, regardless to the number of witnesses from which it may be derived." This charge is said to be erroneous because it instructed the jury to arrive at what was the preponderance of the

evidence without considering the number of witnesses from which that preponderance may be derived. The charge was not erroneous for the reason assigned. Civil Code, §§ 5145, 5146.

The evidence was conflicting, but was sufficient to uphold the verdict.

*Judgment affirmed on the main bill of exceptions; cross-bill of exceptions dismissed. All the Justices concur.*