BURROUGHS, administratrix, *v.* REED.

1. " Undue influence which overturns an otherwise legal contract is the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had not been exercised. . . The undue influence which will annul a deed must be of that potency which substitutes somebody else's will power for that of the grantor."

2. The evidence in this case is insufficient to show mental incapacity on the part of the grantor to execute the deeds sought to be canceled. It is also insufficient to show undue influence by the grantee on the grantor.

3. Under the pleadings and the evidence in the case the court did not err in directing a verdict for the defendant.

No. 1934. December 15, 1920.

Equitable petition. Before Judge Graham. Glynn superior court. January 13, 1920.

Lizzie Davis brought an equitable petition against Ella Reed, to cancel certain deeds which had been executed by one Doc Saunders in his lifetime to Ella Reed, on the ground of undue influence exerted by Ella Reed over Doc Saunders, and on the further ground of mental incapacity on the part of the grantor in said deeds to contract at the date of their execution. The suit was also to recover possession of the premises conveyed by the grantor. On the call of the case the defendant insisted on her demurrer to the petition; and the demurrer was overruled. No exception was taken to that ruling. On the conclusion of the introduction of evidence the court directed a verdict for the defendant, and the plaintiff excepted. Pending the case the plaintiff died, and her administratrix was made a party.

*E. H. Williams*, for plaintiff. *Conyers & Wilcox*, for defendant.

Hill, J. 1. A careful examination of the evidence discloses that there is no evidence of mental incapacity on the part of the grantor at the time of the execution of the deeds. The nearest approach to it was by the evidence of the husband of the plaintiff, who testified that the grantor's "mind seemed to come and go. He could not remember what had been said to him." Other evidence, both for the plaintiff and the defendant, was to the effect that the grantor was a man about seventy-five years of age and that he was "in his right mind." His physician also testified that "his mind was as sound and his mental faculties as alert as are the generality of men of his age." We think that on this branch of the case, i. e., of insanity or mental incapacity, there is no evidence to support the plaintiff's petition.

2. Nor is there any evidence showing the exercise of any undue influence by the defendant upon the grantor. "Undue influence which overturns an otherwise legal contract is the exercise of sufficient control over the person, the validity of whose act is brought in question, to destroy his free agency and constrain him to do what he would not have done if such control had

not been exercised. . . The undue influence which will annul a deed must be of that potency which substitutes somebody else's will power for that of the grantor." *DeNieff* v. *Howell,* 138 *Ga.* 248, 252 (75 S. E. 202). In *Bohler* v. *Hicks,* 120 *Ga.* 801 (5), 808 (48 S. E. 306), it was held: "Undue influence which operates to invalidate a will is such influence as amounts either to deception or force and coercion, destroying free agency." And in the early case of *Potts* v. *House,* 6 *Ga.* 324 (15), 359 (50 Am. D. 329), it was held: "Influence, . . to be undue, must amount to moral coercion; it must destroy the free agency of the testator and constrain him to do what is against his will, but what he is unable to refuse." From an examination of the evidence in this case there is nothing to show that the grantee in the deeds exercised any influence over the grantor which could amount to deception or moral coercion, or to show that the defendant in any way attempted to substitute her will for that of the grantor. The evidence does disclose that the only relative he had was the plaintiff in this case, but it also shows that that relative lived in Jacksonville, Florida. The grantor was only the uncle by marriage of the defendant; and she looked after him because he had no one else to do so, took care of him, administered to his various necessities, prepared his food, made and mended his clothing, procured medical attention for him when it was necessary, and advanced money to him when his necessities required it. Under these circumstances it cannot be said that mere proof of these kindnesses would amount to undue influence on the part of the defendant. In view of the evidence in this case and the authorities which have been cited, we reach the conclusion that the court did not err in directing a verdict for the defendant. It was the only verdict which could legally have been rendered. Civil Code (1910), § 5926.

*Judgment affirmed. All the Justices concur.*