## ARLINGTON REALTY COMPANY *et al. v.* BROOME.

1. The court erred in refusing to allow an amendment tendered by the plaintiffs, pleading estoppel and setting up certain agreements and statements showing that the plaintiff Ballantyne and the defendant were entitled to the joint use of a driveway between the adjoining lots of Ballantyne and the defendant.

2. Should the same amendment be tendered at the next trial of the case and evidence to support the same be introduced, the question as to whether or not the driveway was a common driveway to the property owned by the defendant and the plaintiff Ballantyne should be submitted to the jury.

3. The court charged the jury as follows: "Before the plaintiffs would be entitled to prevail in this case, it must appear that it was the intention and agreement of the plaintiffs to sell to the defendant only the 48.5 feet described in plaintiffs' petition, and that it was a mistake of the scrivener in drawing the deed as it was drawn, describing it as 50 feet. If this appears to you from the evidence, the plaintiffs would be entitled to recover. It would not be sufficient that the Realty Company intended to sell only 48.5 feet; if the defendant did not know of this intention prior to the execution of the deed, he would not be bound." This charge is not error for the reasons alleged, to wit, that it "is not adjusted to the evidence, is misleading, and does not state the correct principle of law."

4. The court in part instructed the jury as follows: "The meaning placed on the contract by one party and known to be thus understood by the other party at the time should be held as the true meaning." This charge states a correct principle of law, and is applicable to the facts in the case.

5. It was not error, as contended by movants, for the court to charge, "A mistake [which may be] corrected in equity is a mutual mistake; that is, a mistake of both parties;" and also to charge, "A court of equity, while it has authority, is very slow to exercise it in reforming alleged mistakes in written instruments, and it requires the clearest and strongest evidence to establish the mistake. It is not sufficient that there may be some reason to presume a mistake. The evidence must be clear and unequivocal and decisive. Courts are liberal in allowing mistakes to be corrected where they are clearly established, notwithstanding the quiescence of the parties, provided no injury has resulted in the meantime to the person against whom the relief is sought for those claiming under him."

6. Inasmuch as a new trial is granted, no opinion is expressed as to the sufficiency of the evidence to support the verdict.

No. 6242. MAY 16, 1928.

Equitable petition. Before Judge E. D. Thomas. Fulton superior court. August 15, 1927.

*McElreath & Scott,* for plaintiffs.

*McDaniel & Neely,* for defendant.

BECK, P. J. This case was brought by Arlington Realty Company and R. D. Ballantyne against C. M. Broome Jr. It is an action for reformation of a deed made by Arlington Realty Co. to C. M. Broome Jr. on March 14, 1924. The alleged mistake upon which plaintiffs contend they are entitled to a reformation of the deed consists of a misdescription of the property conveyed. It is also alleged that Ballantyne by agreement should enjoy and use a driveway situated between the residence of Ballantyne and the house occupied by Broome, as a joint driveway, and that by mistake of the scrivener reference to the driveway was omitted

from the deed to Broome and certain other deeds referred to, and was also omitted from the sale agreement with Ballantyne. After evidence was introduced by the plaintiff, the court held that there was not sufficient evidence to require submission to the jury of any question as to the use of a joint driveway; but the court did submit to the jury the question of whether or not there was a mistake of the scrivener in phrasing a description in the deed to Broome, showing the frontage on a named street as being fifty feet instead of forty-eight and a half feet. The jury returned a verdict for the defendant upon this issue, and a decree was entered accordingly. A motion for a new trial was filed by the plaintiffs. This motion was overruled, and the plaintiffs excepted to that ruling, and to the refusal of the court to allow an amendment to the petition.

Upon the trial the plaintiffs offered the following amendment to the petition: "1. That C. M. Broome was put on notice, by the physical location of the driveway between his house and the house bought by Ballantyne and by the location of the garages at top of driveway, that said driveway was constructed for the use of both houses, and he bought said property with said agreement and understanding according to statement made to R. D. Ballantyne. He and Ballantyne used said driveway as a joint driveway after Ballantyne bought his property, and Broome told him for three months that it was a joint driveway, and it was on this consideration that R. D. Ballantyne made improvements on his property, and Broome knew he was making these improvements and paying for said property based on agreements of defendant that in fact it was a joint driveway.

"2. Said defendant is now estopped by his conduct and admission to deny he bought said property knowing said driveway was a joint driveway, and that it was by mistake of himself and Arlington Realty Co. that said condition was omitted from this deed."

The court, upon objection, disallowed this amendment. The court should have allowed it. There is evidence in the record tending to show that the defendant is estopped by his conduct, coupled with certain statements made by him, according to evidence introduced by the plaintiffs, from denying that the driveway was to be used as a joint driveway for Ballantyne and the defendant. The

evidence on the question as to whether Ballantyne was jointly entitled to the use of the driveway with Broome, according to certain agreements between the parties and statements made by Broome, was such as to require the submission of the issue with reference to the driveway to the jury. And while the question as to the joint use of the driveway may be separate and distinct from the issue as to whether the plaintiffs are entitled to have the deed reformed, nevertheless these questions are so related to one another that the error in refusing to allow the amendment referred to requires the grant of a new trial upon the entire case.

The rulings made in headnotes 2 to 6, inclusive, do not require elaboration.　　　*Judgment reversed. All the Justices concur.*