SALVAGE SALES COMPANY *et al. v.* AARONS *et al.*

No. 10472.   June 13, 1935.   Rehearing denied September 28, 1935.

136

*Hesler & Clark*, for plaintiffs in error.

*Gazan, Walsh & Bernstein* and *Casper Wiseman*, contra.

BECK, Presiding Justice. The court should have sustained the general demurrer. Without a reformation of the bill of sale which Friedman's Jewelers Inc. made to Salvage Sales Co., the Aarons had no case in court, as Friedman had title to all the property, and the paper which he executed conveyed all the title; and there are no allegations in the petition which entitle the plaintiffs to a reformation of this contract. There could be no reformation of the contract under these circumstances without showing that there was a mutual mistake on the part of the lender and the vendor, and no mutual mistake is shown in the execution of the paper. Nor could the plaintiffs rely upon Friedman's statement that the plaintiffs were to have this property which they now contend they are entitled to. No sufficient consideration for this promise was shown in the pleadings; and a mere statement by Friedman that the Aarons were to have the property which he, Friedman, had acquired title to at a sale, without any consideration or inducement, was not such a contract as could be enforced. If, before Friedman made a bill of sale, a suit had been brought against him while he was in possession of the property, it could not have been enforced, because of a lack of consideration for the promise. And if plaintiffs stand upon the allegations intended to show that Cohen was without title to this property, and that the title was in the plaintiffs, then they had the sufficient legal remedy of trover to recover from Cohen. In any event, no equitable cause of action is shown, and it was error to overrule the demurrer.

*Judgment reversed. All the Justices concur.*