RAWSON *et al.* v. BROSNAN.

No. 12598. JANUARY 10, 1939. REHEARING DENIED FEBRUARY 23, 1939.

*Bennet & Peacock,* for plaintiffs in error.

*Farkas & Burt,* contra.

JENKINS, Justice. This was an equitable proceeding for partition, injunction, and receiver, by the holder of a security deed and a sheriff's deed after foreclosure, covering an undivided half interest in realty, against the grantor of the security deed and a subsequent grantee holding a junior security deed, who together owned

the other half interest. There was but one issue, and this was raised by the plea of the two defendants, to wit, whether by a mutual mistake the plaintiff's security deed of the half interest in 406½ acres more or less covered 10 acres "immediately around [a] mill-site and [the] mill-site" on the described property, and whether the defendants were entitled to a reformation of the instrument by excluding this smaller tract from the partition. It was agreed in open court that the plaintiff's deed "contained words of description sufficient to cover and convey the land in question," and that the recorded surveyor's map referred to in the deed also covered such land. The defendant grantor testified that the entire tract, including the disputed 10 acres, contained 416 or 417 acres, instead of 406½ acres as described in the deed; and he swore generally that the security deed and the loan did not cover the disputed land, that it was not the intention of either party for it to do so, and that such an inclusion was a mistake. He further testified, however, that "No error is made in the deed that I know of;" that "I never mentioned the 10 acres around the mill-site;" and that the grantee "didn't even know about the ten acres . . it was never mentioned or discussed." The court directed a verdict against the defendants' plea for reformaton, to which they excepted. *Held*:

1. Equity will not reform a written contract on account of a mistake, unless the mistake was one of both parties. Some particular mutual mistake and how it occurred must be alleged and plainly shown. Code, §§ 37-207, 37-208, 37-202; *Hellon* v. *Shellnut*, 186 *Ga.* 185 (197 S. E. 287), and cit.; *Crim* v. *Alston*, 169 *Ga.* 852 (151 S. E. 807). Accordingly, under the general rule that a party's own testimony is to be construed most strongly against him, the defendant grantor was not entitled to reformation.

2. Nor was the grantee in the second security deed entitled to reformation in the first deed, even though it might be held that as to him the evidence of his co-defendant could be taken to indicate that the first security deed did contain an incorrect description due to a mutual mistake of the parties thereto, since the second grantee, being a stranger to the prior security deed from his grantor to another person, is not entitled to reformation of the first deed. *Garlington* v. *Blount*, 146 *Ga.* 527 (91 S. E. 553). Especially is this true where, as here, the junior deed expressly recites the existence

626

of the previous security deed and lien; and under such circumstances the holder of the junior deed will not be permitted to deny the truth of such recital by showing that the disputed land, covered by the previous instrument, was not so intended. *Selze* v. *First National Bank of Pensacola*, 140 *Ga.* 603, 606 (79 S. E. 540); *Jenkins* v. *Southern Ry. Co.*, 109 *Ga.* 35, 40 (34 S. E. 355), and cit.; *Long* v. *Bullard*, 59 *Ga.* 355 (3).

3. In accordance with the foregoing rulings, the court did not err in directing the verdict against both of the defendants, and in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Bell, J., who dissents.*

### ON MOTION FOR REHEARING.

While counsel for the plaintiffs in error do not seem to question the correctness of the decision in this case under the rulings announced in the first division of the syllabus and the last paragraph of the second division, they do attack the rule stated in the first paragraph of the second division, and in their motion for rehearing assail as unsound the ruling by this court in *Garlington* v. *Blount*, supra, on which that portion of the present decision was based. The *Garlington* case held as follows: "Where one executes two security deeds conveying the same property to different parties, the grantee in the second deed can not maintain a suit in equity to reform the first deed, although the description may be incorrect and be due to the mutual mistake of the parties. This is true because the second grantee has no privity in the estate conveyed in the first deed. Equity will correct mutual mistakes between the 'original parties or their privies in law, in fact, or in estate.' Civil Code (1910), § 4573. [Code, 1933, § 37-213.] It can not be contended that the plaintiff is privy in law or in fact. He is not a privy in estate, because 'a privy in estate is a successor to the same estate, not to a different estate in the same property.' The grantee in the second deed is a stranger to the contract between the parties to the first deed, holds adversely thereto, and hence is not bound by its terms. To entitle one to maintain such an action as the present, he must be a party, or a successor to the party, under the same contract. *Pool* v. *Morris*, 29 *Ga.* 374, 382 [74 Am. D. 68]." In their motion counsel submit that the rule as thus stated in the *Garlington* case is manifestly erroneous. Their position is

that it would certainly have to be admitted that the original owner of the land could have reformed his first security deed, and it is just as plain, if he had sold his entire interest in the land to the second security-deed holder, that his vendee would be in privity with him, so that he too could reform the prior security deed. They contend that it makes no difference that the original owner did not convey his whole title, but only executed a second security deed, and cite *Mashburn* v. *Dannenbery Co.,* 117 *Ga.* 567 (44 S. E. 97), in support of their contention that such a grantee occupies the status of a bona fide purchaser. The argument is that the *Garlington* case overlooked the fact that a party seeking a reformation does not have to be a "privy in estate" with the *one against whom he seeks reformation,* but merely has to be a privy in estate or successor in title with *the party whose deed he is seeking to have reformed.*

The text in 50 C. J. 408, has this to say: "To constitute one person a privy in estate to another, such other, it has been held, must be a predecessor in respect of the property in question, from whom the privy derives his right or title. Thus, one who acquires real estate pursuant to a tax sale is not in privity with the former owner. A privy in estate is a successor to the same estate, not to a different estate in the same property." Citing a number of cases, including the *Garlington* case. Definitions respecting the different kinds of privity are somewhat difficult to formulate. The authority just quoted refers to the fact that it has been said that there is no definition of the term that can be applied to all cases, but that in its broadest sense privity "denotes mutual or successive relationship to the *same right* of property." 50 C. J. 404, and cit.; 53 C. J. 976, § 116, and cit. If this be a correct statement, and we think it is, it would be well, as relates to this case, to ask at the outset what effect, if any, does the fact that privity existed between the original owner and his two security-deed holders have in determining the right to reformation as respects the two vendees, holding the same property under the same grantor, but under altogether *different* rights? Can it be true, as contended, in order for the second vendee to limit and reform the contract of the first vendee, to which he, the second vendee, was neither party nor privy, that all he has to do is to show that he was a party to another and different contract with the same grantor, setting up another and different right to the same property? This would violate the terms

of the definition which has been postulated. Persons are in privity, not with property, but with persons as related to the same right in the same property. If it be true that privity denotes successive relationship to the same right in the same property, how can it be said that, under the doctrine of privity, a person can be heard to attack by reformation a property right of another, merely because he is in privity with one from whom he has received an altogether separate and distinct right in the same property? If A's conveyance to B involves a mutual mistake of fact, and subsequently B conveys to C, then C, being a successor to the same right in the same property, is entitled to reformation as against A. *Wall* v. *Arrington,* 13 *Ga.* 88 (3). But if A successively conveys separate, even adverse, rights in the same property to both B and C, C does not become the successor of A and stand in his shoes with respect to a different property right previously conveyed, not to him, but to B, the adverse claimant. Primarily, the right to reform a contract belongs to the original parties thereto. The recognized extension, under the Code, § 37-213, in favor of those in privity with the original contractors does not mean that the terms of a contract can be altered and reformed by one who does not claim as a successor under the contract sought to be reformed, but under another contract, setting up different and inconsistent rights. In such a case the subsequent grantee's quarrel is with the person from whom he derived his title, rather than with the one holding adversely under a prior and different contract, to which he was admittedly neither party nor privy. This is the theory on which the *Garlington* case was decided, and we think the decision sound. See also, as sustaining or tending to sustain this view: Fischer *v.* Laack, 85 Wis. 280 (55 N. W. 398); Security Savings &c. Co. *v.* Portland Flour Mills Co. 124 Or. 276 (261 Pac. 432 (14), 441); Sills *v.* Fort, 171 N. C. 733 (88 S. E. 636); Jackson *v.* Lucas, 157 Ala. 51 (47 So. 224, 131 Am. St. R. 17); Lang *v.* Metzger, 206 Ill. 475 (69 N. E. 493, 498). *Rehearing denied. Bell, J., dissents.*