CANTRELL *v.* KAYLOR *et al.*

No. 15990. NOVEMBER 12, 1947. REHEARING DENIED DECEMBER 2, 1947.

162

*Willis Smith*, for plaintiff.

*Boykin & Boykin* and *Emmett Smith*, for defendants.

HEAD, Justice. (After stating the foregoing facts.) ■ A motion was made to dismiss the bill of exceptions in this case, on the contention that J. L. Garrett and Julian Kaylor, as administrators de bōnis non with the will annexed of the estate of J. L. Kaylor, are necessary parties and interested in sustaining the judgment of the lower court, and will be affected by any judgment rendered in the case by the Supreme Court, and that they were not made parties to the bill of exceptions.

Subsequently the plaintiff in error filed an amendment to his bill of exceptions and moved this court to make the administrators parties to the bill of exceptions. The amendment was accompanied by a certificate of attorney for the plaintiff in error, stating that attorneys for the defendants in error and the administrators had been served with the amendment by mailing each a copy thereof.

The administrators filed objections to being made parties to the case in this court, on the grounds that they were not parties to the motion for new trial filed by the plaintiff in error in the lower court; they were not served with a copy of such motion; they were not designated as defendants in error in the bill of exceptions; there was no service as provided by law; they have not waived service of the bill of exceptions; it is now too late to make parties those who were not properly made parties in the motion for new trial and the bill of exceptions. The administrators prayed that the prayers of the plaintiff in error seeking to make them parties be denied. They cite *Ray* v. *Hardman*, 146 *Ga.* 718 (92 S. E. 211), in support of their objections.

The administrators, as such, did not file any pleadings in the court below, and in the absence of proper pleadings by the administrators, it is impossible for this court to determine their interest, if any, in the litigation.

It does not appear that the administrators were ever served with a copy of the bill of exceptions in accordance with the Code, § 6-911, nor is there any waiver of service. If they are to be considered as defendants in error, they were not properly so made. The plaintiff in error, in asking that they be made parties, did not name them as defendants in error, but merely asked that they be made parties. This follows the procedure by the defendants in error in their amendment filed in the lower court, seeking reformation of the deed made by the administrators to the plaintiff in error, in which amendment they prayed that process issue, directed to the administrators, "requiring them to show cause before this court at such time and place as to the court may seem meet and proper why they should not be made parties to this suit." The order making the administrators parties adjudged that "they are hereby made parties to the aforesaid cause in order to plead properly as required by statute."

The amendment of the defendant in error might be construed as seeking relief against the administrators in their representative capacity, since the deed made by them was sought to be reformed. The administrators by proper pleadings could have contended that the deed as made was correct, and in that event their interest in the litigation in this court could be that of plaintiffs in error. Parties plaintiff in error can be made by amendment to the bill of exceptions, and service on them is not necessary. *Sharp v. Findley,* 71 *Ga.* 655 (6); *Ramey v. O'Byrne,* 121 Ga. 518, 519 (49 S. E. 595).

Under all the facts of the case, the administrators were not necessary parties in this court, and a failure to name them as parties in the original bill of exceptions, and to serve them with notice of such bill, will not cause a dismissal of the writ of error. The trial court decreed that the deed from the administrators to Cantrell be reformed by the addition of certain language; but no judgment was rendered against the administrators. It does not appear that the estate which they represent is concerned with the question as to which of the grantees in the administrators' deeds, both executed on the same date, should have the right to use the private way mentioned in both deeds. Under these circumstances, it does not appear that the administrators were necessary parties in this court, and the motion to dismiss the writ of error is denied.

■ The plaintiff in error attempts to invoke a ruling on the refusal of the trial court, on motion to strike, to dismiss the amendment of the defendants in error, seeking reformation of the deed of the plaintiff in error. It was urged that the court should strike the amendment, because it was insufficient in law to reform an instrument, and because the administrators, who were grantors in the deed which it is sought to reform, were not made either parties plaintiff or parties defendant, and were therefore not proper parties. No exception was taken to the refusal of the court to strike this amendment. The plaintiff in error seeks to have this action of the court reviewed by a special ground of the amendment to his motion for new trial. Such a ruling is not a proper ground of a motion for new trial. *Mitchell* v. *Masury*, 132 *Ga*. 361 (9) (64 S. E. 275) ; *Carswell* v. *Smith*, 145 *Ga*. 589 (2) (89 S. E. 698) ; *Battle* v. *Holmes*, 146 *Ga*. 245 (91 S. E. 32).

Since the ruling of the trial court on the motion to strike stands unexcepted to, no question can now be made as to the sufficiency of the amendment of the defendants in error to state a cause of action for the reformation of the deed of the plaintiff in error.

■ Ground 1 of the amended motion for new trial assigns error on the failure of the court to charge the jury that, when a road has been used as a private way for as much as one year, the owner of the land over which it passes may not close it up without first giving the common users of the way 30 days' notice in writing so that they may take steps to have it made permanent.

The only issue in the case was whether or not the deed from the administrators to Cantrell should be reformed on the ground of a mutual mistake between the parties. The charge set out in this ground was not germane to such issue, and the court did not err in failing so to charge.

4. Special ground 2 contends that the court erred in failing to charge the jury as follows: "A deed conveying a described parcel of land 'with appurtenances' conveys to the grantee as appurtenant to the land the right to the free and unobstructed use and enjoyment of an alley adjoining the property, which the grantor had laid out and set apart for such use, and the fee to which was at the time of the conveyance in the grantor."

This charge was not relevant to the issue made by the amendment seeking reformation of the deed of the plaintiff in error, and the court did not err in failing to give this charge.

■ Special ground 3 assigns error on the failure to charge as follows: "In order to reform a deed by parole proof, the evidence should make out a case so clearly, strongly, and satisfactorily as to leave no reasonable doubt as to the agreement." No request to charge in the exact language set out in this ground was made; and the court in the general charge sufficiently instructed the jury on the evidence necessary to authorize the reformation of a deed.

■ Special ground 4 contends that the court erred in failing to charge the jury certain language dealing with the evidence for the plaintiff in error. No request was made to charge such language; and it was not erroneous to fail so to charge.

■ The charge complained of in special ground 5 was proper under the former decision of this court and the evidence in the case, and was not harmful to the plaintiff in error.

■ Special ground 7 contends that the court erred in the trial of the case in refusing to admit in evidence a check, dated June 12, 1942, to the administrators, in payment for the property purchased by the plaintiff in error, the check being offered for the purpose of showing that the grantors in the deed had the deed in their possession for a month before delivery, the deed having been dated May 5, 1942.

The check should have been admitted in evidence for such value as it might have, as tending to show that the administrators had possession of the deed for a period of time prior to delivery.

■ In a consideration of the general grounds of the motion for new trial we also consider ground 8 of the amended motion, since such ground is an amplification of the general grounds.

"Equity will not reform a written contract unless the mistake is alleged and proved to be the mistake of both parties." *Quiggle v. Vining*, 125 *Ga.* 98 (54 S. E. 74). The evidence in this case wholly fails to show that it was ever the intention of the plaintiff in error that the driveway in dispute should be excluded from his use. The evidence for the defendants in error showed that an announcement was made at the public sale that the driveway was to be for the exclusive use of the purchaser of lot 8. While Cantrell stated that he was present at the sale, he contended that no public statement was made reserving the private driveway.

Further, it is shown that Cantrell did not bid in the property himself, but it was bid in for him by someone else. One of the witnesses for the defendants in error related a conversation with Cantrell after the sale, in which the witness stated that the driveway was for lot 8 exclusively, but in the same conversation he told Cantrell that he could use the driveway.

Julian Kaylor, one of the administrators (and also one of the defendants in error), stated that it was the intention of the administrators to reserve the private driveway for the exclusive use of lot 8. J. L. Garrett, the other administrator, testified that it was the administrators' intention to convey the title to the driveway to the purchaser of lot 8, but he stated that nothing was said about preventing anybody else from using it.

Since the evidence for the defendants in error as to the intention of the administrators to reserve the driveway exclusively for the use of the purchaser of lot 8 was uncertain, and there was no evidence that it was the understanding of the plaintiff in error that he would be excluded from the use of the driveway, the evidence was not clear, unequivocal, and decisive as to any mutual mistake of the parties, and does not support the verdict and decree for reformation of the deed so as to exclude the plaintiff in error from using the private driveway. *Reese* v. *Wyman,* 9 *Ga.* 430 (1) ; *Adair* v. *Adair,* 38 *Ga.* 46 (2) ; *Newberry* v. *McCook,* 146 *Ga.* 679 (1) (92 S. E. 67) ; *Arlington Realty Co.* v. *Broome,* 166 *Ga.* 320 (5) (143 S. E. 375).

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*