### HOOD *v.* CONNELL.

BELL, Justice. In this suit, wherein the plaintiff sought an injunction to restrain the defendant from maintaining and using an underground sewer, traversing a building lot sold by the defendant to the plaintiff, which sewer was in existence on the lot and in use by the defendant at and before the sale, and the defendant filed an answer and cross-action seeking reformation of the deed so as to reserve therein the right on his part to maintain and use such sewer, and praying also for injunction to restrain the plaintiff from interfering with his use of the sewer, the court overruled the plaintiff's general and "special" demurrers to the defendant's answer and cross-action, admitted evidence over the plaintiff's objection, and granted an interlocutory injunction against both parties until further order of the court. The plaintiff excepted, assigning error upon the grant of injunction as against himself, and upon the other rulings indicated above, except that he did not

complain of the overruling of his special demurrers to the answer and cross-action. Upon these facts and others to be hereinafter stated, *held:*

1. The assignments of error on the overruling of the general demurrer to the answer and cross-action, though argued in the brief for the plaintiff in error, were abandoned upon the oral argument in this court.

2. The following statement in the bill of exceptions—"the plaintiff introduced evidence in support of his petition and the defendant introduced evidence in support of his answer. Then counsel for the plaintiff objected to the evidence of the defendant" on stated grounds—is too general and indefinite to identify any particular evidence to which the plaintiff made objection, and is therefore insufficient to show error, although later on in the bill of exceptions, after other recitals as to rulings and exceptions and a statement of the plaintiff's evidence, there appears an apparently complete statement of all the evidence for the defendant, consisting only of testimony given by himself and his wife. *Georgia Northern Railway Co.* v. *Hutchins & Jenkins,* 119 *Ga.* 504, 512 (46 S. E. 659); *Burkhart* v. *Fitzgerald,* 137 *Ga.* 366 (1) (73 S. E. 583); *Robertson* v. *Cox,* 183 *Ga.* 744 (4) (189 S. E. 844).

3. The defendant claimed mutual mistake as the sole ground for the relief of reformation and injunction as sought by him, there being no allegation or claim of fraud. In such case, "Equity will not reform a written contract, unless the mistake is shown to be the mistake of both parties." Code, § 37-207.

(a) The defendant having given positive and affirmative testimony that he "never discussed the matter of [the] sewer pipe with Mr. Hood until one of his workmen accidentally broke it with a pick," which, as appears without dispute, was some time after execution of the unconditional warranty deed, he thus showed by his own testimony that he was not entitled to the relief of reformation or injunction against the plaintiff as prayed in his answer and cross-action.

(b) The wife of the defendant testified as follows: "Mr. Hood came to see us a number of times about buying lot 9, and before he purchased the lot we stood in my yard and he asked me where he could tie in to the sewer, and I said that he could tie into ours because it went across the front of his lot. He was fully aware that the line ran across the front of his lot, and when his lawyer drew the deed we forgot to put any mention of the sewer in the deed." Even assuming that this testimony could be relied on by the defendant, notwithstanding his own testimony to the contrary as stated above, such testimony of the wife did not measure up to the requirement, as stated in the Code, § 37-202, that "the evidence shall be clear, unequivocal, and decisive as to the mistake." See, in this connection, Code, § 29-304; *Brice* v. *National Bondholders Corp.,* 187 *Ga.* 511 (4) (1 S. E. 2d, 426); *Rawson* v. *Brosnan,* 187 *Ga.* 624 (1) (1 S. E. 2d, 423); *Sawyer* v. *Kinnett-Odom Co.,* 192 *Ga.* 166 (6) (14 S. E. 2d, 879); *Fields* v. *Continental Insurance Co.,* 170 *Ga.* 28 (3) (152 S. E. 60).

4. There was no sufficient evidence to authorize the grant of an interlocutory injunction as against the plaintiff, and to that extent the judgment was erroneous, as contended in the bill of exceptions.

*Judgment reversed. All the Justices concur.*

No. 16472. FEBRUARY 16, 1949.

W. E. Zachary, Roger H. Bell, and W. O. Wilson, for plaintiff.
Thomas O. Davis and James A. Mackay, for defendant.