SCURRY *v.* COOK *et al.*

No. 17089. MAY 9, 1950.

878

*McGowan & McGowan,* for plaintiff.

*James F. Glass* and *B. H. Levy,* for defendants.

DUCKWORTH, Chief Justice. The main question upon which all others must turn is: does the evidence fail to show undue influence and a mutual mistake such as to demand the verdict in favor of the defendant? In order to answer this question, we must examine the evidence as to each respective ground of attack.

Generally undue influence is a term not clearly defined; however, its exercise may be inferred in all cases of a confidential or quasi-confidential relationship where the power of the person receiving a gift or other benefit has been so exerted upon the mind of the donor as, by improper acts of circumvention, to have induced him to confer the benefits contrary to his deliberate judgment, reason, and discretion. In order to render a transaction void, it must operate to deprive the donor of his free agency by substituting for his will that of another. See 17 Am. Jur., pp. 906-917; *Frizzell* v. *Reed,* 77 *Ga.* 724; *Stanley* v. *Stanley,* 179 *Ga.* 135 (175 S. E. 496); *Norman* v. *Hubbard,* 203 *Ga.* 530 (47 S. E. 2d, 574). Ordinarily undue influence is not the subject of direct proof, but is to be inferred from circumstances. Therefore a great latitude of proof is allowed in order to determine if a legal inference of undue influence may be present, and the evidence may embrace all the facts and circumstances which go to make up the transaction, disclose its true character, and explain the acts of the parties in order to throw light on their objects and intentions. 20 Am. Jur. 320, § 345; *Elliot* v. *Gary,* 153 *Ga.* 665, 667(4) (112 S. E. 900); *Arnold* v. *Freeman,* 181 *Ga.* 654 (183 S. E. 811); *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 191 *Ga.* 821, 822

(12) (14 S. E. 2d, 64); *Brumbelow* v. *Hopkins*, 197 *Ga.* 247, 252(3) (29 S. E. 2d, 42); *Bowman* v. *Bowman*, 205 *Ga.* 796(2) (55 S. E. 2d, 298).

The evidence here did not disclose a confidential relationship; nor did any of the facts show that the alleged beneficiary possessed any particular power over the plaintiff which would have created the relationship of dominance of the defendant over him; nor did any of the circumstances surrounding the transaction disclose a situation from which a legal inference of undue influence could be drawn. Nor can all influence be said to be undue, since a person is not prohibited from exercising proper influence to obtain a benefit to himself. *Brumbelow* v. *Hopkins*, supra; *Butler* v. *Lashley*, 197 *Ga.* 461 (29 S. E. 2d, 508); *Orr* v. *Blalock*, 195 *Ga.* 863, 866(1) (25 S. E. 2d, 668). And the undue influence which will annul a deed must be of that potency which substitutes somebody else's will power for that of the donor. *DeNieff* v. *Howell*, 138 *Ga.* 248 (75 S. E. 202); *Burroughs* v. *Reed*, 150 *Ga.* 724(1) (105 S. E. 290).

Turning now to the question of mutual mistake, we shall examine the evidence as to the second deed in the light of what evidence is necessary for equity to grant relief. A mistake relievable in equity is some unintentional act, omission, or error, arising from ignorance, surprise, imposition, or misplaced confidence. This power should be exercised with caution, and to justify it the evidence should be clear, unequivocal, and decisive as to the mistake. Code, § 37-202; *Sawyer Coal & Ice Co.* v. *Kinnett-Odom Co.*, 192 *Ga.* 166, 173 (6) (14 S. E. 2d, 879); *Hood* v. *Connell*, 204 *Ga.* 783 (3-b) (51 S. E. 2d, 853). And a mutual mistake is one which is reciprocal and common to all of the parties to the transaction. See Code, §§ 37-207, 37-208; 19 Am. Jur., 74, 77, §§ 55, 57; *Newell* v. *Stiles*, 21 *Ga.* 118; *Werner* v. *Rawson*, 89 *Ga.* 619 (15 S. E. 813); *Wachovia Bank & Trust Co.* v. *Jones*, 166 *Ga.* 747 (144 S. E. 256); *Crim* v. *Alston*, 169 *Ga.* 852 (151 S. E. 807); *Helton* v. *Shellnut*, 186 *Ga.* 185 (197 S. E. 287); *Rawson* v. *Brosnan*, 187 *Ga.* 624 (1 S. E. 2d, 423); *Hood* v. *Connell*, supra (3). The evidence here was insufficient to show a mutual mistake, the facts failing to show mutuality or how it occurred. There was possibly some evidence of a mistake on the part of one party to the contract,

but, on the ground of mutual mistake, equity will not reform a written contract unless the mistake is alleged and proved to be the mistake of both parties. *Quiggle* v. *Vining*, 125 *Ga.* 98 (54 S. E. 74) ; *Adair* v. *Adair*, 38 *Ga.* 46; *Salvage Sales Co.* v. *Aarons*, 181 *Ga.* 133 (1) (181 S. E. 584) ; *Rawson* v. *Brosnan*, supra; *Cantrell* v. *Kaylor*, 203 *Ga.* 157 (45 S. E. 2d, 646). On the question of an agent signing for the complaining party, who alleges that he could not read or did not read the instrument, see *Dover* v. *Burns*, 186 *Ga.* 19 (196 S. E. 785).

Under the evidence, the verdict of the jury was demanded. *Lunsford* v. *Armour*, 194 *Ga.* 53(2) (20 S. E. 2d, 594), and citations. And, for this reason, the alleged errors in the charge of the court will not be considered. Nor is there any merit in the exceptions to the overruling of the demurrers to the answer, there being an issuable defense therein and no merit in the special demurrers to the various paragraphs of the answer.

*Judgment affirmed. All the Justices concur.*