18830.   RENNEY *et al. v.* KIMBERLY.

SUBMITTED JANUARY 12, 1955—DECIDED FEBRUARY 16, 1955.

*Vester M. Ownby,* for plaintiffs in error.

*Thomas L. Slappey,* contra.

ALMAND, Justice.   The bill of exceptions here assigns error on the overruling of general and special demurrers to an equitable petition.

The petition of Isaac D. Kimberly against Mrs. Nell K. Renney and Roy T. Kimberly in substance alleged: The plaintiff is the son of Isaac D. Kimberly, Sr., who died on or about September 22, 1943, at which time the plaintiff was a minor 13 years old, and lived with his grandmother, Mrs. Irene C. Kimberly.  His said grandmother died on March 12, 1947, testate.   Her estate, consisting of a tract of land of about 20 acres, was devised in Item 3 of her will "to my three living children; my daughter, Mrs. Nell K. Renney, and my two sons, Roy T. Kimberly and Isaac Daniel Kimberly, to be theirs equally, share and share alike in fee simple forever, except that neither child shall sell or dispose of her or his part or portion without the agreement of the other surviving heir or heirs."   The will was executed on November 9, 1940.   After the petitioner reached the age of 21 years, the defendants stated to him that his one-third interest in the land described in his grandmother's will was not worth more than $500, and if he (petitioner) would execute a deed to them of his said interest, it would be more convenient for them to manage the estate, and if in fact they could sell the property for more than $1,500, they would not do so without notifying him and arranging for him to refund to them the $500 advanced to him, or otherwise protecting his interest in said estate.   Depending upon the defendants, who were his aunt and uncle respectively, the petitioner executed to them a deed to his one-third interest in said property, and they advanced to him the sum of $500.   On January 9, 1954, the defendants sold said property for about

$15,000. The petitioner offered to refund to the defendants the $500 advanced by them to him, which offer they refused to accept, and they have refused to account to him for his one-third interest in said real estate or his portion of the purchase money received from the sale of said property.

The prayers of the petition were for an accounting between the petitioner and the defendants, and a judgment for $4,500, representing his one-third interest in the sale price of the land, and for injunctive relief.

To the petition as amended the defendants filed general and special demurrers, two of the grounds being that the plaintiff did not have such an interest in the title to the land as to bring this action, and because the petition did not set forth a cause of action either at law or in equity.

It will be seen that from the allegations of the petition the only claim upon which the plaintiff seeks a money judgment and an accounting against the defendants, is the oral agreement which they made in 1951, when he executed to them a deed conveying a one-third interest in the tract of land which had belonged to his grandmother, whose will devised said tract to her three children, one of whom was the father of the plaintiff, but who had predeceased the grandmother. The main question for determination, therefore, is whether or not the petitioner, at the time he executed the deed to the defendants—when the alleged oral agreement was made with the plaintiff that they would account to him for his one-third interest in the land that might in future be derived from the sale of the property—had any legal interest in said land. It will be noted that in the will of the testatrix she devised the tract of land here in question to "my three living children . . . share and share alike in fee simple forever . . . ," and that the will does not indicate any intention to devise any interest to her grandchildren in the event of any contingency, such as the death of any of her children, before her death.

In the case of a devise to a class, the general rule is that the members of the class are to be ascertained as of the date of the testator's death, since the will usually speaks only from that time, and to take the case out of the general rule, the intention to do so must be shown in clear and unambiguous words. *Tate v. Tate*, 160 *Ga.* 449 (1) (128 S. E. 393). A gift to a class in-

cludes only those members of the class who are living at the death of the testator. *Wood* v. *McGuire*, 15 *Ga.* 202 (4); *Martin* v. *Trustees of Mercer University*, 98 *Ga.* 320 (25 S. E. 522). Grandchildren can not take under a will, in a bequest to children as a class, unless there be something in the will to indicate and effectuate such intention. *Walker* v. *Williamson*, 25 *Ga.* 549 (1); *Lyon* v. *Baker*, 122 *Ga.* 189 (50 S. E. 44); *Toucher* v. *Hawkins*, 158 *Ga.* 482 (2) (123 S. E. 618); *Hancock* v. *Griffin*, 171 *Ga.* 787 (1) (156 S. E. 659). It will be seen that, under these authorities, the devise of the 20-acre tract of land was to the three children of the petitioner's grandmother as a class; and since the father of the petitioner, one of the class, had died prior to the death of the testatrix, no interest in the land passed to the petitioner.

Regardless of other questions in the case, such as whether or not the alleged agreement of the defendants was unenforceable because of the statute of frauds, the agreement by them to make an accounting to the petitioner on the subsequent sale of the tract of land was wholly without any consideration, and constituted a nudum pactum or naked promise. Code § 20-301. As was said in *Davis & Co.* v. *Morgan*, 117 *Ga.* 504, 507 (43 S. E. 732, 61 L. R. A. 148, 97 Am. St. R. 171): "When one receives a naked promise and such promise is broken, he is no worse off than he was. He gave nothing for it, he has lost nothing by it, and on its breach he has suffered no damage cognizable by courts. No benefit accrued to him who made the promise, nor did any injury flow to him who received it. Such promises are not made within the scope of transactions intended to confer rights enforceable by law. They are lightly made, dictated by generosity, courtesy, or impulse—often by ruinous prodigality." See also *Salvage Sales Co.* v. *Aarons*, 181 *Ga.* 133 (181 S. E. 584). The petitioner in the instant case wholly failing to set forth any legal or binding obligation on the part of the defendants to account to him for the proceeds of the sale of land which they received under the will of their mother, and in which the petitioner had no interest, it was error to overrule the defendants' general demurrers to the petition. The court having erred in overruling the general demurrers, it is unnecessary to review the order as to the special demurrers.

*Judgment reversed. All the Justices concur.*