GARLINGTON *et al.,* executors, *v.* BLOUNT *et al.*

PER CURIAM. 1. Where one executes two security deeds conveying the same property to different parties, the grantee in the second deed can not maintain a suit in equity to reform the first deed, although the description may be incorrect and be due to the mutual mistake of the parties. This is true because the second grantee has no privity in the estate conveyed in the first deed. Equity will correct mutual mistakes between the "original parties or their privies in law, in fact, or in estate." Civil Code (1910), § 4573. It can not be contended that the plaintiff is privy in law or in fact. He is not a privy in estate, because "a privy in estate is a successor to the same estate, not to a different estate in the same property." The grantee in the second deed is a stranger to the contract between the parties to the first deed, holds adversely thereto, and hence is not bound by its terms. To entitle one to maintain such an action as the present, he must be a party, or a successor to the party, under the same contract. *Pool* v. *Morris*, 29 *Ga.* 374, 382.

2. The petition set forth no cause of action for subrogation of the plaintiff to the right of the bank whose mortgage deed was paid with the money loaned by the plaintiff. *Putney* v. *Bryan*, 142 *Ga.* 118 (2) (82 S. E. 519), and cases cited.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*
　　　　　　　　FEBRUARY 24, 1917.

Equitable petition. Before Judge Wright. Floyd superior court. September 25, 1915.

*M. B. Eubanks,* for plaintiffs.