*Sam G. Dettelbach*, for defendant.

## HILTON *v.* HILTON.

Jenkins, Chief Justice. Lula Hilton brought a suit in equity against Mrs. W. G. S. Rowe and Alonzo Hilton, alleging that she, together with the defendants, had entered into a parol contract by which it was agreed that the plaintiff should purchase from Mrs. Rowe the east half, and Alonzo Hilton the west half of a described city lot. It was further alleged that through mistake and inadvertence on the part of Mrs. Rowe, and with knowledge and fraudulent intent on the part of Alonzo Hilton, Mrs. Rowe had deeded by specific description more than one-

half of the premises to Alonzo Hilton, and subsequently through mutual misapprehension as to the amount of land remaining in the lot, conveyed the balance to the plaintiff. The petition prayed that both the deeds above referred to be reformed so as to conform to the intention of the parties under the parol agreement, and for specific performance of the parol agreement. Alonzo Hilton attacked the petition on general demurrer on the ground that there was no privity of contract between the plaintiff, Lula Hilton, and the defendant, Alonzo Hilton, the other grantee, and urged that the plaintiff could not, therefore, maintain her action to reform the deed made to him. Error is assigned on the order sustaining the general demurrer and dismissing the petition as to the defendant Alonzo Hilton. *Held:*

1. Primarily, the right to reform a contract belongs to the original parties thereto. The recognized extension under the Code, § 37-213, in favor of those in privity with the original contractors does not mean that the terms of a contract can be altered and reformed by one who does not claim as a successor under the contract sought to be reformed, but under another contract setting up different and inconsistent rights. *Rawson v. Brosnan,* 187 *Ga.* 624, 628 (1 S. E. 2d, 423); *Garlington v. Blount,* 146 *Ga.* 527 (91 S. E. 553).

2. Under the facts above set forth, it can not be said that the plaintiff, Lula Hilton, is an original party to the deed of conveyance by the defendant, Mrs. Rowe, to the defendant, Alonzo Hilton. The mere fact that Lula Hilton and the other grantee, Alonzo Hilton, had entered into an agreement with the common grantor whereby each was to purchase separately from the common grantor one-half of a described city lot, could not possibly constitute each grantee "an original party" to the deed of conveyance to the other. See, in this connection, *Garlington v. Blount,* 146 *Ga.* 527 (supra); *Rawson v. Brosnan,* 187 *Ga.* 624, 628 (supra).

(a) Neither can it be said that the plaintiff is in privity with the defendant, for the reason that privity denotes successive relationship to the same right in the same property, and the plaintiff in the instant case seeks to assert an independent right adverse to that held by the defendant under his deed of conveyance. *Rawson v. Brosnan,* 187 *Ga.* 624, 628 (supra).

3. Whether an action by the plaintiff grantee against the grantor alone could be maintained, and whether if so maintained such a defendant grantor could, for the purpose of her own defense, bring the other grantee into court for the purpose of reforming the grantor's deed to that other grantee, in order that she, the grantor, might be protected against the just claims of the plaintiff grantee, are questions not now presented. But, under the foregoing rulings, the plaintiff, being neither an original party to the deed made to the defendant grantee, nor being in privity with that grantee under his deed, the present plaintiff is not such a party as is entitled to relief in equity as against the defendant grantee on account of an alleged mistake in the amount of frontage conveyed to the defendant grantee, and the cases relied on by the plaintiff, not involving a question of mutual mistake, would not

seem to be in point; and the lower court properly sustained the demurrer of the defendant grantee, and dismissed the petition as to him.

*Judgment affirmed. All the Justices concur.*

No. 15726. FEBRUARY 4, 1947. REHEARING DENIED MARCH 20, 1947.

*W. T. Revell,* for plaintiff.
*Harris, Chance & McCracken,* for defendant.