# Richard E. Hebert v. Jarvis & Rice and White Insurance, Inc. d/b/a Connecticut Valley Insurance Associates, et al.

[365 A.2d 271]

No. 177-75

Present: Barney, C.J., Smith, Daley and Larrow, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed October 5, 1976

*David D. Robinson* of *Abatiell and Abatiell,* Rutland, for Plaintiff.

*Frank H. Zetelski* of *Dick, Hackel & Hull,* Rutland, for Jarvis & Rice and White.

*Thomas F. Heilmann* of *Richard E. Davis Associates, Inc.,* Barre, for Granite Mutual Insurance Co.

*Webber and Costello,* Rutland, for Hartford Fire Insurance Co.

*Garfield H. Miller* of *Black and Plante,* White River Junction, for Vermont Mutual Insurance Co. and Northern Security Insurance Co.

**Daley, J.** This appeal arises from a grant of summary judgment in favor of defendants. The plaintiff brought a civil action in Windsor Superior Court against Jarvis & Rice and White Insurance, Inc. d/b/a Connecticut Valley Insurance Associates; Union Mutual Fire Insurance Company; Vermont Mutual Insurance Company; New England Guaranty Insurance Company; Hartford Fire Insurance Company; Northern Security Insurance Company; Granite Mutual Insurance Company; and Green Mountain Insurance Company. The complaint, dated November 20, 1974, stated that all defendants had issued insurance policies covering fire and related damage to certain commercial property originally owned by Gibson Motors, Inc., a Vermont corporation adjudged a bankrupt as of September 11, 1970. Plaintiff acquired this same property by a trustee's deed granted him on December 23, 1970. The complaint further alleged that all rights in the policies had been assigned to the plaintiff from the trustee by order of the bankruptcy court issued December 7, 1971. This order expressly authorized the trustee to assign "whatever interest" he had in the policies to plaintiff.

Sometime subsequent to the conveyance, it was discovered that on or before the date of sale the property in question had suffered substantial smoke damage. In his complaint plaintiff claims that defendants, upon his demand, refused to honor their contractual duty to recompense his loss, and were therefore in breach of contract with him as assignee and third party beneficiary under the policies. For these reasons plaintiff sought to recover damages.

By answer or amended answer each defendant raised as a defense that its policy provided that any action thereon must be brought within a stated time after inception of the loss. In each instance the asserted period had transpired prior to plaintiff's suit.

Each defendant also moved for summary judgment on the ground that the action was barred by the aforementioned contractual provision. The trial court granted these motions on that ground and as to some of the defendants on the further ground that proof of loss had not been timely filed. Plaintiff then moved for a new summary hearing contending that defendants, through their agent Connecticut Valley, had waived any contractual defenses by denying liability, and were estopped from asserting these defenses due to their alleged failure to supply either plaintiff or the trustee with copies of the policies. This motion was denied, and the plaintiff appeals to this Court.

The sole question posed by this appeal is whether summary judgment should have been granted defendants pursuant to V.R.C.P. 56.

The standard to be followed in deciding this point is set out in Rule 56(e), which states in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Should the adverse party fail to comply with V.R.C.P. 56(e), the disposition of the matter is governed by V.R.C.P. 56(c):

> Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

The record here reveals that the motions filed by defendants were supported by affidavits and copies of the policies demonstrating plaintiff's non-compliance with the contractual provisions limiting the time in which suit could be brought on the policies.

■ ■ It is well established that a condition in an insurance policy providing that no recovery may be had thereon unless suit is initiated in a given time is valid unless the time can be said to be unreasonable. *Springfield Cooperative Freeze Locker Plant, Inc.* v. *E. R. Wiggins,* 115 Vt. 445, 447, 63 A.2d 182 (1949); 8 V.S.A. § 3663. Moreover, it is clear that summary judgment may be granted a moving party where the opponent asserts a claim barred by the statute of limitations. *Tierney* v. *Tierney,* 131 Vt. 48, 52, 300 A.2d 544 (1972). From the factual showing made by these affidavits and exhibits, it is obvious that the contractual limit on filing suit was well pleaded and supported by defendants' affidavits.

As provided by V.R.C.P. 56(e), it then became incumbent upon the plaintiff, by affidavit or as otherwise provided in the rule, to set forth specific facts showing that there was a genuine triable issue upon the defenses posed by defendants if he were to avoid summary judgment being rendered against him. *Tierney* v. *Tierney, supra;* see also Reporter's Notes to V.R.C.P. 56.

Clearly there is no dispute raised as to the date of the claimed loss and the date of the suit brought nearly four years thereafter, nor does the plaintiff contest that the various policies contained the limitation provisions as asserted by the defendants. Plaintiff's response consisted of his personal affidavit and the affidavit of the trustee in bankruptcy together with certain exhibits referred to in the affidavits. These affidavits disclose that neither the plaintiff nor the trustee ever received the policies in question, saw or read their provisions, that none of the policies were turned over to the trustee by the bankrupt, nor were they delivered to the plaintiff. The affidavits, however, present no facts rebutting the issuance of the policies to the original insured party, Gibson Motors, Inc.

Moreover, the allegations made in the affidavits do not claim non-receipt of the policies by Gibson Motors.

In his personal affidavit the plaintiff states that he gave notice of the loss to Jarvis & Rice and made demand for recompense as well as for copies of the policies. Plaintiff further stated that none of these requests were complied with by the defendants or their agent Jarvis & Rice.

Upon these assertions plaintiff contends that a genuine triable issue exists as to whether the contractual limits raised by defendants may be applied to the facts of this case. The record below, however, does not support plaintiff's position.

 The plaintiff's rights, if any, to the policies issued by defendants arose out of the assignment of the policies to plaintiff by the trustee in bankruptcy court. The trustee, by virtue of § 70 of the Bankruptcy Act (11 U.S.C.A. § 110), acquired whatever rights and interests the bankrupt had in the policies. As the assignee of a non-negotiable chose in action, plaintiff succeeded only to such rights as were possessed by the assignor at the time of the assignment. His rights depend on and are controlled by those of the trustee. He took whatever interest the trustee had in and to the policies subject to the same restrictions, limitations and defenses contained therein. 6A C.J.S. *Assignments* § 88; *Miller* v. *Bingham,* 29 Vt. 82 (1856). If the contract, instrument, or claim is void in the hands of the assignor it cannot be re-vitalized by his assignment of it. 5A Appleman, Insurance Law and Practice § 3455 (1970). Again, the record discloses that the trustee not only knew that the policies had been issued to his bankrupt, but had in fact directed their cancellation and refund of premiums to him well before the assignment made to the plaintiff. As noted above, plaintiff took only the interest which his assignor had to part with, and, in the absence of a factual showing by him contradicting the affidavits of the defendants as supported by copies of the policies issued to Gibson Motors, Inc., he was bound by the terms of the policies even though neither he nor the trustee had seen or read them. Non-receipt by either the plaintiff or the trustee is immaterial and will not avert summary judgment. We would further note that at the time he gave his notice of loss to Jarvis & Rice, and sought to obtain copies of the policies, he had yet to obtain any rights in

and to the policies or any benefits thereunder. Such rights were acquired only upon the subsequent assignment.

In his motion for a new summary hearing, plaintiff asserted that one of the policies written by the Hartford Fire Insurance Company was issued while the estate of the bankrupt was posited in the hands of the trustee. Therefore, plaintiff argues, the failure of Hartford to issue the policy to the trustee estops Hartford from raising the limitation provision of its policy. Assuming the correctness of this argument, it is overcome by the fact that the trustee was well aware of its issuance and had procured its cancellation with return of the premiums.

As to the claims of a genuine issue involving waiver and estoppel set forth for the first time in the motion for a new summary hearing, the record demonstrates no factual support for the same. In addition, it seems to us that plaintiff's conduct throughout this matter prevents him from successfully pleading estoppel. An estoppel may be effectively asserted only if the plaintiff can demonstrate that he suffered a deleterious change in position in reliance on misleading representations or conduct of the party sought to be estopped. *McLaughlin* v. *Blake*, 120 Vt. 174, 179, 136 A.2d 492 (1957); 16A Appleman, Insurance Law and Practice § 9081 (1968). The record reveals that both the plaintiff and the trustee in bankruptcy were fully aware of the existence of these policies, yet never took steps within a reasonable period of time to determine the extent of any rights they might have had thereunder. In light of this, plaintiff cannot show the requisite reasonable, detrimental reliance.

The court correctly denied the plaintiff's motion for a new summary hearing. The entry of summary judgment in favor of all defendants is sustained.

*Judgment affirmed; costs to be taxed to the appellant.*