Gary F. Hadlock and Yvette E. Hadlock v. Robert Poutre and
Bertha Poutre v. Vernon and Janet MacKay, Ralph and
Joan Emery, Robert and Frances Golden, and New
England Telephone Company, Third Party
Defendants

[423 A.2d 835]

No. 337-79

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1980

*Niles, Johnson & Gibbs*, Woodstock, for Plaintiffs.

*William J. Donahue* of *Otterman and Allen, P.C.*, Bradford, for Defendants.

**Billings, J.** This is an appeal by the defendants Poutre from a judgment of the Windsor Superior Court determining the boundary line between properties owned by the defendant-appellants and plaintiff-appellees, and granting the plaintiffs injunctive relief and damages. The order also awarded damages and other relief to the Poutres and to the third-party defendant and cross-claimant Ralph Emery against certain third-party defendants. None of the third-party defendants have joined in this appeal.

In 1956 the MacKays, the common grantors of the plaintiffs and defendants, purchased a farm on the Old Kings Highway in the town of Hartford, Vermont. In 1966 the MacKays sold a one acre, unimproved lot to John and Dorothy Thompson, the predecessors in title to the plaintiffs. The warranty deed described the property as containing 200 feet of road frontage, running from an iron pin at the corner of an adjoining lot to another iron pin. These iron pins did not exist. In 1969

the MacKays sold a parcel of land to the third-party defendants, the Emerys. This parcel was adjacent to the plaintiffs' property on the west. In 1970 the Emerys conveyed part of this property to the defendants. According to this deed, this parcel contained three acres, with a road frontage of 590 feet and a depth of 220 feet. Before his conveyance to the Emerys, MacKay had erected a horse fence, which, according to the boundary described in the Thompsons' deed, was located on the Thompsons' property. The Thompsons lived out-of-state and were not aware of this fence. The defendants' deed from the Emerys indicated the road frontage, but did not specify a starting point or any specific monuments. Both MacKay and Emery told the defendants that the fence line was the boundary line of the Thompson-Hadlock land. The defendants built a barn and constructed a driveway on land near the fence line. Despite having been assured by MacKay and Emery that the fence was the boundary line, the defendants knew before they began construction that the precise location of the common boundary was uncertain, but they did not contact the Thompsons or have a survey undertaken. The plaintiffs knew of the uncertainty concerning the boundary line but did not purchase the Thompson lot until three years after the barn was built. The plaintiffs then had the property surveyed and discovered the boundary error.

The plaintiffs brought an action seeking damages, a determination of the correct boundary line, an injunction ordering the barn removed, the land restored to its prior condition and an order enjoining the defendants from trespassing. The defendants denied that the barn was on the plaintiffs' land, and claimed that the plaintiffs were estopped from seeking relief. In addition, the defendants filed a third-party complaint against their predecessors in title as well as against an adjoining land owner to the west. After a trial without jury, the court found the boundary to be where the plaintiffs had claimed, and ordered the defendants to remove the barn, restore the land to its former condition and to pay plaintiffs $2,520 in rent. In addition, the court awarded damages to the defendants from Mr. MacKay and Mr. Emery and fixed the defendants' southeast boundary on land owned by the third-party defendants, the Goldens. The defendants have appealed arguing that the fence line is the correct boundary, that the

plaintiffs were estopped from seeking relief, that the MacKay-Thompson deed should be reformed to show the boundary line as the fence line and that the equities require the defendants' claimed line be declared the true line. None of the third-party defendants appealed from the judgment order.

The defendants claim that the court erred in determining that the metes and bounds description in the plaintiffs' deed should control rather than the monuments on the ground. An owner who sells a parcel of land at one time and at a later time sells an adjoining parcel, can, of course, include in the later conveyance only what he has not already conveyed. *Vermont Shopping Center, Inc.* v. *Pettengill,* 125 Vt. 145, 148, 211 A.2d 183, 186 (1965); *Barr* v. *Guay,* 125 Vt. 1, 3, 209 A.2d 304, 306 (1965). In this case the MacKays first conveyed to the plaintiffs' predecessors in title, the Thompsons. The boundaries of this property could not be altered by the subsequent deed to the defendants' predecessors in title, the Emerys. The deed to the Thompsons described the parcel by metes and bounds and by monuments. Generally, when there is a conflict between a description by metes and bounds and one by monuments, the latter prevails. *Rambeau* v. *Barrows,* 127 Vt. 550, 554, 255 A.2d 175, 177 (1969). In this case, however, the monuments referred to in the deed did not exist when the property was conveyed. The monuments that the defendants rely on were not mentioned in the deed. The metes and bounds description must therefore control. *Haklits* v. *Oldenburg,* 124 Vt. 199, 204, 201 A.2d 690, 693 (1964). The defendants also claimed that acquiescence in the line can establish it as the true line. *Amey* v. *Hall,* 123 Vt. 62, 181 A.2d 69 (1962). This is true only if the requirements of the statute of frauds or adverse possession are met. *Haklits* v. *Oldenburg, supra,* 124 Vt. at 204, 201 A.2d at 693–94. Here there is no claim of a written agreement, nor has the necessary period of time for adverse possession elapsed.

The defendants also claim that the trial court should have found that the plaintiffs are estopped from denying that the fence line is the true line, either because of their own conduct or because of the conduct of the Thompsons, the predecessors in title to the plaintiffs. The defendants argue that the Thompsons should have warned the defendants that the

barn they were building was over the property line. The Thompsons, however, lived out-of-state and did not know that the defendants were building a barn. A party is not estopped by silence unless he knows of his rights. *Laird Properties New England Land Syndicate* v. *Mad River Corp.*, 131 Vt. 268, 282, 305 A.2d 562, 570–71 (1973). The defendants also argue that the plaintiffs should be estopped because they knew when they bought the property that the location of the boundary line was uncertain. No estoppel could arise, however, unless the defendants could show that they relied to their detriment on the conduct of the plaintiff. *Hebert* v. *Jarvis & Rice & White Insurance, Inc.*, 134 Vt. 472, 477, 365 A.2d 271, 274 (1976). Here, the defendants had already built the barn when the plaintiffs bought the property, so there was no reliance, and no prejudice.

■ The defendants also claim that when the MacKays conveyed the property to the Thompsons there was an agreement that the boundary would be the fence line. The defendants argue that the deeds should be reformed to show this agreement. However, the right to seek reformation of a deed is limited to the original parties to the deed and their successors in title. *Hilton* v. *Hilton*, 202 Ga. 53, 41 S.E.2d 880 (1947). See also *Richards* v. *Midkiff*, 48 Haw. 32, 396 P.2d 49 (1964); *Romanoff* v. *Superior Career Institute, Inc.*, 69 App. Div. 2d 856, 415 N.Y.S.2d 457 (1979). The defendants in this case are not in the chain of title to the MacKay-Thompson deed and therefore do not have standing to seek reformation of that deed.

■ Finally, the defendants claim that the equities require that the defendants' claimed line be determined as the true line. This is merely an attempt to avoid the amply supported findings of fact and conclusions of law of the trial court and, therefore, requires no extended discussion.

*Judgment affirmed. Cause remanded for the sole purpose of fixing a date by which the defendants shall remove the barn, foundation and fence and restore the land as nearly as possible to its former condition.*