### Michael Thomas v. Leon Olds and Alda Olds

[556 A.2d 62]

No. 85-507

Present: **Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed October 28, 1988

Motion for Reargument Denied January 4, 1989

---

[3] The defendant waived any defense to the claims asserted by the plaintiff against Ambassador's insureds.

*Brown, Cahill, Gawne & Miller,* St. Albans, for Plaintiff-Appellee.

*Thomas J. Kennedy,* St. Albans, for Defendants-Appellant.

**Hill, J.** Defendants, Leon and Alda Olds, appeal from a declaratory judgment sought by Michael Thomas to settle a boundary dispute between the parties. We affirm.

The dispute concerns the location of the rear lot line of plaintiff Thomas's parcel, which borders defendants' land in the Town of Highgate. The trial court found in favor of plaintiff. In its order of October 8, 1985, the court set not only the rear boundary but purported to set the front and side boundaries of plaintiff's parcel as well. Defendants claim that the court was without jurisdiction to set the four lot lines because the other adjoining landowners were not joined as parties. Defendants also object to the admission into evidence of a survey introduced by plaintiff, and claim that the court erred by favoring a metes and bounds description of the parcel over a monument description. We take up these claims in turn.

■ The only issue before the trial court was the location of the rear lot line of plaintiff's land. The court resolved this issue by setting the precise location of the boundary in dispute. While the court exceeded its mandate in also purporting to determine the front and side boundaries, see *Griffith* v. *Nielson,* 141 Vt. 423, 427, 449 A.2d 965, 967 (1982), these findings are not essential to this case and will not be reviewed here. See *Stonewall Insurance Co.* v. *Moorby,* 130 Vt. 562, 568, 298 A.2d 826, 830 (1972). Even if incorrect, unessential findings are not grounds for reversal. *Greenberg* v. *Hadwen,* 145 Vt. 112, 115, 484 A.2d 916, 918 (1984);

*Town of Lyndon* v. *Burnett's Contracting Co.,* 138 Vt. 102, 107, 413 A.2d 1204, 1206-07 (1980).

█ As to the sole issue in dispute, moreover, the relevant parties were joined and indeed actively litigated their respective claims. While the adjoining landowners have an interest in the other three boundaries, they are not interested parties with regards to the boundary at issue here. See V.R.C.P. 19(a); *Pillsbury* v. *Town of Wheelock,* 130 Vt. 242, 245, 290 A.2d 42, 44-45 (1972) (action will not be dismissed for failure to join an indispensable party if "the shaping of relief . . . can assure an unprejudicial result as to all interested parties . . . ."). There is no jurisdictional flaw in this case.

Defendants next object to the admission into evidence of a survey prepared by Steven Brooks, who was not a registered surveyor when the survey was made. Defendants rely on the provisions of 26 V.S.A. § 2596(a), which require the seal of a licensed surveyor "before any . . . survey . . . is offered for filing at the office of the town clerk or any other proper authority."

█ The general rule in construing statutes is that the plain meaning of the statutory language will control unless such construction leads to irrational results. *Noble* v. *Delaware & Hudson Ry.,* 142 Vt. 156, 159, 453 A.2d 1109, 1111 (1982). The statute relied on by defendants is patently about the *filing* of surveys and not about their admission into evidence. Since this construction is altogether rational, that statute does not govern the issue before us. Cf. *South Burlington School District* v. *Calcagni-Frazier-Zajchowski Architects, Inc.,* 138 Vt. 33, 50, 410 A.2d 1359, 1367 (1980) ("statutory scheme on which defendants relied is aimed at protecting the public from the unauthorized practice of engineering; it is not meant to be used to keep properly qualified experts from testifying . . . .").

█ At the time of trial, Mr. Brooks had received his surveying license, and his qualifications as an expert witness under V.R.E. 702 have not been challenged. Thus, under that rule, he could offer the survey as a representation of his expert opinion. The trial court therefore committed no error in admitting Mr. Brooks's testimony or evidence of his survey.

█ Finally, defendants claim that the trial court erred by favoring the metes and bounds description in the survey over the corner monuments referred to in the deeds to both parcels. It is true that when there is a conflict between a description by metes

and bounds and one by monuments, the latter generally prevails. *Hadlock* v. *Poutre,* 139 Vt. 124, 127, 423 A.2d 835, 837 (1980). We have also said, however, that "if the existence or location of monuments is not proved, courses and distances will govern the location of lots on the ground." *Neill* v. *Ward,* 103 Vt. 117, 162, 153 A. 219, 239 (1930). The trial court concluded that there was no credible evidence that the buried pins were where defendants claimed them to be. Since that conclusion has not itself been challenged in this appeal, we have no cause to find error in the court's reliance on the metes and bounds description.

In conclusion, we reject defendants' challenges to the trial court judgment. That portion of the judgment purporting to adjudicate the front and side boundaries of plaintiff's land may be treated as surplusage, for it has no bearing on the issue dividing these parties and brought before the court. The purported findings therefore can have no preclusive effect on any further disputes between these parties, much less on persons not party to this litigation.

*Affirmed.*