VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-278

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2025

Amy Logue & Scott Bedell\* v. Katherine Richmond

}
}
}
}

APPEALED FROM:

Superior Court, Caledonia Unit,
Civil Division
CASE NO. 21-CV-00942
Trial Judge: Daniel P. Richardson

In the above-entitled cause, the Clerk will enter:

Plaintiff Scott Bedell\* appeals the civil division's judgment in favor of defendant Katharine Richmond in this dispute over access to a spring on plaintiff's land.  We affirm.

The trial court made the following findings in its order.  Plaintiff's and defendant's properties were once part of a larger 256-acre dairy farm in Kirby, Vermont.  Robert Hamel, whose family owned the dairy farm from the 1940s to the 1960s, testified that defendant's home was the primary farmhouse.  The water for the house came from a spring located on what is now plaintiff's property, and was housed under a stacked-stone spring box.  The spring was the only source of water for the farm family and their livestock.  In the early 1960s, the stone spring box was beginning to deteriorate, so Hamel and his father and brother built a new spring box out of concrete.  Hamel also dug up parts of the water line, which were constructed from hollow cedar logs lined with lead, and replaced them with modern water pipes.

The 256-acre parcel was later subdivided into parcels with different owners.  In 1992, the Lyndonville Savings Bank and Trust acquired an 85-acre parcel that included both plaintiff's and defendant's properties.  The bank subdivided this parcel, severing the farmhouse from the spring.  The bank sold the farmhouse to Elizabeth Hubbard, who lived there from 1994 until 2007.  Hubbard's only source of water was the spring.  She maintained the spring box, visiting it at least twice a year.  She also performed regular maintenance and repairs on the water line, replacing segments as necessary.  During this time, the owners of the spring parcel relocated a portion of the water line and recorded this adjustment as part of a 2006 wastewater permit application.  The application identified the water line as part of a system providing water to "Elizabeth Hubbard's farmhouse."

---

\* The complaint was originally filed by plaintiff and his wife, Amy Logue, who passed away in 2022.

Hubbard further subdivided her parcel into three parcels, including a five-acre parcel containing the farmhouse and an eleven-acre parcel located between the farmhouse and plaintiff's property. She reserved the right to run a water line across the eleven-acre parcel for the benefit of the farmhouse.

In 2007, Hubbard sold the farmhouse to the Davis family, who lived there until 2019 when they lost the property in foreclosure. The Davis family continued to use the spring as the sole water source for the property. They tested the water regularly and periodically went to the spring and shocked the system with chlorine tablets to kill any bacteria in the spring box.

Defendant purchased the farmhouse in 2020. She has lived there continuously and uses the spring as her sole water source. She has performed maintenance on the system, including installing a new lid on the spring box in late 2020.

In 2021, plaintiff and his wife filed a complaint seeking a declaration on the scope of defendant's right to access the spring. Defendant filed a counterclaim asserting a prescriptive easement to the spring and the water line connecting the spring to her property and sought a declaration that she had the right to perform reasonable maintenance and repairs to the spring and water line.

The court held a bench trial in May 2024 and issued a written decision in September 2024. At trial, plaintiff claimed that the court could not grant relief to defendant because she had not joined Laura Todd, the owner of the parcel between plaintiff's and defendant's properties over which a portion of the water line runs, as a party to the action. The court rejected this argument, ruling that Todd was not a necessary party because the issue of whether defendant had a right to use and maintain the spring on plaintiff's property did not directly implicate Todd or her property. The court concluded that defendant had a prescriptive easement to use the spring because she and her predecessors in interest had used the spring openly and continuously without specific license or permission for more than fifteen years. The court found that defendant was entitled to the continued, reasonable, and convenient use of the spring, which included the rights to enter plaintiff's property to perform maintenance, repairs, and improvements to the spring box and water line and to expand the water line if needed to deliver water to the farmhouse and any animals, livestock, or gardens on the farmhouse property. The court therefore entered judgment in favor of defendant.

On appeal, plaintiff does not challenge the court's conclusion that defendant had a prescriptive easement to use the spring and water line. Instead, he repeats his claim that the court could not grant relief in the absence of Todd, whom he asserts was a necessary party under Vermont Rule of Civil Procedure 19(a). That rule provides:

> A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the person's claimed interest.

V.R.C.P. 19(a). A defense of failure to join a necessary party may be raised at trial. V.R.C.P. 12(h)(2). "The moving party bears the burden of advancing a cogent argument on why the absent party is needed to prevent inconsistent or inadequate judgments." Grassy Brook Vill., Inc. v. Richard D. Blazej, Inc., 140 Vt. 477, 482 (1981).

Plaintiff failed to meet his burden of demonstrating that Laura Todd was a necessary party to this action. As the trial court explained, the central issue was whether defendant had the right to use the spring and associated water line on plaintiff's property. The trial court could settle this question without Todd, who held no interest in plaintiff's or defendant's property. See Thomas v. Olds, 150 Vt. 634, 636 (1988) (holding adjoining landowners were not interested parties with regard to boundary dispute that involved only plaintiff's and defendant's properties). Further, plaintiff's claim of right to run the water line over Todd's property was based on a deed, rather than prescriptive use. Any dispute arising from that deed would necessarily involve different facts and evidence and would not be prejudiced by the court's decision in this case. The court therefore did not err in proceeding without Todd.

Plaintiff also challenges the court's determination of the scope of the easement, which he argues is inconsistent with its historic use. It is true that "the use to which a prescriptive easement may be put necessarily depends on past use." Rowe v. Lavanway, 2006 VT 47, ¶ 25, 180 Vt. 505 (mem.). We have recognized, however, that the scope of a prescriptive easement may be modified as necessary to maintain the usefulness of the easement. See Cmty. Feed Store, Inc. v. Ne. Culvert Corp., 151 Vt. 152, 157 (1989) ("If any practically useful easement is ever to arise by prescription, the use permitted under it must vary in some degree from the use by which it was created." (quoting Restatement (First) of Prop: Extent of Easements Created by Prescription § 477 (1944)). Any alteration must be consistent with the general rule that "the owner of an easement cannot materially increase the burden of it upon the servient estate." Dennis v. French, 135 Vt. 77, 79-80 (1977).

Here, the trial court found that defendant's easement included the rights to update and upgrade the existing spring box and water lines, bury the water lines to sufficient depth to protect them from freezing and contamination, enter plaintiff's property to perform maintenance and improvements, and expand the water line as needed to deliver water to the household. These uses were consistent with the historic use as established by the evidence, which showed that defendant and her predecessors had reconstructed the spring box, dug up and repaired the existing water lines and installed new, larger ones, treated the spring to avoid contamination, and entered onto plaintiff's property to carry out these tasks. Allowing defendant or her agents to bury the water line deeper and dig out the spring box does not constitute a material increase in the burden of the easement, as these activities may be necessary to maintain the usefulness of the easement. See Haldiman v. Overton, 95 Vt. 478, 481 (1922) (holding that right to use spring includes not only "the right to take water therefrom, but to do whatever was reasonably necessary to make that right available for the purpose for which it was intended"); Arbuckle v. Ward, 29 Vt. 43, 52 (1856) (recognizing that prescriptive easement to spring includes "the right to draw water from a fountain or spring upon the land of another, and through the land of the owner of such spring, and to dig in the soil for the purpose of repairing or relaying the aqueduct").

Plaintiff argues that the court's holding is unreasonable because he presented evidence establishing that defendant could install a well on her own property. However, this evidence was not directly relevant to the question before the court, which was whether defendant's use of the spring and water line was "open, notorious, hostile and continuous for a period of fifteen years,"

3

and if so, what the scope was of that use. <u>Cmty. Feed Store, Inc.</u>, 151 Vt. at 155. Defendant was not required to demonstrate an absence of alternative water sources to prevail on her claim.

Plaintiff further argues in his reply brief that the trial court's decision was inadequate because it failed to specify exactly where the water line must be placed or how defendant could enter plaintiff's property to perform maintenance or improvements. This argument was not raised in plaintiff's opening brief and as such, we do not consider it. <u>Massucco v. Kolodziej</u>, 2024 VT 76, ¶ 22 ("We need not consider an argument raised for the first time in a reply brief.").

<u>Affirmed</u>.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

William D. Cohen, Associate Justice

Nancy J. Waples, Associate Justice